IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br> <br> *Plaintiff*, <br> <br> v. <br> <br> U.S. DEPARTMENT OF <br> HOUSING AND URBAN DEVELOPMENT, <br> 451 7th Street SW <br> Washington, DC 20410 <br> <br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-793 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Housing and Urban Development under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant the U.S. Department of Housing and Urban Development has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C.

§ 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Housing and Urban Development (HUD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On March 1, 2018, American Oversight submitted three FOIA requests to HUD regarding HUD communications with Armstrong Williams (as well as individuals and entities associated with Mr. Williams) and the Sinclair Broadcast Group.

*Armstrong Williams FOIAs*

8. On March 1, 2018, American Oversight submitted a FOIA request to HUD, with internal tracking number HUD-18-0131, seeking the following records:

> All records reflecting communications (including but not limited to emails, email attachments, text messages, chat or Slack messages,

> telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any responsive communications, summaries of any responsive communications, or other materials) between (a) Secretary Benjamin Carson; his chief of staff; or any political appointees or career SES employees in the Office of the Secretary or the Office of Public Affairs and (b) Armstrong Williams, any employee or representative of Armstrong Williams Productions, LLC (AWP) (@armstrongwilliams.com), Shermichael Singleton, or anyone at Howard Stirk Holdings or HSH Media (@hsh.media), or any employee or representative of Graham Williams Group.

This request sought responsive records from February 27, 2018 to March 1, 2018.

9. On March 5, 2018, HUD acknowledged receiving the first Armstrong Williams request and assigned the request FOIA tracking number 18-FI-HQ-00995.

10. On March 1, 2018, American Oversight submitted a FOIA request to HUD, with internal tracking number HUD-18-0132, which was nearly identical to the first Armstrong Williams request, differing only in that it sought records from a broader date range:

> All records reflecting communications (including but not limited to emails, email attachments, text messages, chat or Slack messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any responsive communications, summaries of any responsive communications, or other materials) between (a) Secretary Benjamin Carson; his chief of staff; or any political appointees or career SES employees in the Office of the Secretary or the Office of Public Affairs and (b) Armstrong Williams, any employee or representative of Armstrong Williams Productions, LLC (AWP) (@armstrongwilliams.com), Shermichael Singleton, or anyone at Howard Stirk Holdings or HSH Media (@hsh.media), or any employee or representative of Graham Williams Group.

This request sought responsive records from January 20, 2017, to the date the search was conducted.

11. On March 5, 2018, HUD acknowledged receiving the second Armstrong Williams request and assigned the request FOIA tracking number 18-FI-HQ-00996.

12. Also on March 5, 2018, HUD proposed consolidating the first and second Armstrong Williams requests as they differed only in date range.

13. The same day, March 5, 2018, American Oversight requested that the requests remain separate to increase the speed with which documents responsive to the first Armstrong Williams request—with a narrower date range—could be reviewed and produced.

14. HUD agreed to keep the first and second Armstrong Williams requests separate while using a single collection process for the two requests.

15. On March 20, 2018, HUD informed American Oversight that it would not be able to respond to the Armstrong Williams FOIAs within 20 working days of receiving the requests; HUD did not provide an estimate for when it anticipated responding to the requests.

16. American Oversight has not received any further communication from HUD regarding either of the Armstrong Williams FOIAs.

*Sinclair Broadcast Group FOIA*

17. On March 1, 2018, American Oversight submitted a FOIA request to HUD, with the internal tracking number HUD-18-0134, seeking the following records:

> All records reflecting communications (including but not limited to emails, email attachments, text messages, chat or Slack messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any responsive communications, summaries of any responsive communications, or other materials) between (a) Secretary Benjamin Carson; his chief of staff; or any political appointees in the Office of the Secretary and (b) any employee or representative of Sinclair Broadcast Group (@sbgi.net) or any of its affiliates or subsidiaries, including but not limited to Sinclair Television Group,

4

Inc., Sinclair Investment Group, LLC and Circa News (@circanews.com), and including Murray Carson. The request sought all responsive records from January 20, 2017, to the date the search was conducted.

18. On March 5, 2018, HUD acknowledged that it had received the Sinclair Broadcast Group FOIA and assigned the request FOIA tracking number 18-FI-HQ-00998.

19. On March 20, 2018, HUD informed American Oversight that it would not be able to respond to the Sinclair Broadcast Group FOIA within 20 working days of receiving the request; HUD did not provide an estimate for when it anticipated responding to the request.

20. American Oversight has not received any further communication from HUD regarding the Sinclair Broadcast Group FOIA.

*Exhaustion of Administrative Remedies*

21. As of the date of this Complaint, HUD has failed to (a) notify American Oversight of a final determination regarding any of the FOIA requests, including the scope of any responsive records HUD intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendant.

25. HUD is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

26. HUD has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

27. HUD's failure to conduct adequate searches for responsive records violates FOIA.

28. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring HUD to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

29. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. American Oversight properly requested records within the possession, custody, and control of Defendant.

31. HUD is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32. HUD is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

33. HUD is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

34. HUD's failure to provide all non-exempt responsive records violates FOIA.

35. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring HUD to promptly produce all non-exempt records responsive to its FOIA requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 9, 2018

Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
beth.france@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*

8